# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID EUGENE VOELKERT,

        Petitioner,               Case Number: 23-10098
                                                 Honorable Paul D. Borman

v.

JAMES CORRIGAN,[1]

        Respondent.
_____/

## OPINION AND ORDER
## (1) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (ECF NO. 3),
## (2) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 10),
## (3) DENYING CERTIFICATE OF APPEALABILITY, AND
## (4) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

David Eugene Voelkert, a state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), and a motion for equitable tolling (ECF No. 3). Respondent has filed a motion to dismiss, arguing that the petition was not timely filed. (ECF No. 10.)

---

[1] The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. Voelkert is currently housed at the Chippewa Correctional Facility. The warden of that facility is James Corrigan. The Court orders the case caption amended to substitute James Corrigan as the respondent.

For the reasons explained, the Court denies Petitioner's motion for equitable tolling, grants Respondent's motion to dismiss, denies a certificate of appealability, and grants Petitioner permission to proceed *in forma pauperis* on appeal.

## I. Background

At the conclusion of a jury trial in Muskegon County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct. Mich. Comp. Laws § 750.520d. He is serving a sentence of 6 years, 4 months to 15 years.

Petitioner filed an appeal in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction but remanded to the trial court for the limited purpose of correcting a clerical error regarding court costs. *People v. Voelkert*, No. 344564, 2019 WL 6888644 (Mich. Ct. App. Dec. 17, 2019). On October 27, 2020, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Voelkert*, 506 Mich. 940 (Mich. Oct. 27, 2020).

On January 6, 2023, Petitioner filed this habeas petition (ECF No. 1) and a motion for equitable tolling (ECF No. 3). Respondent has filed a motion to dismiss on the ground that the petition was not timely filed. (ECF No. 10.) Petitioner has filed a response to the motion to dismiss. (ECF No. 12.)

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ... or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 27, 2020. *People v. Voelkert*, 506 Mich. 940 (Mich. Oct. 27, 2020). Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on January 25, 2021, when the time for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period. *Id.* at 285. Accordingly, the limitations period began on January 26, 2021, and expired one year later, on January 26, 2022. The petition here was filed on January 26, 2023, one year after the limitations period expired.

3

In total, 2 years elapsed between the time Petitioner's convictions became final and when he filed this petition.

Petitioner concedes that, unless the Court equitably tolls the limitations period, his petition is untimely. The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner bears the burden to demonstrate entitlement to equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

Petitioner argues that several factors warrant equitable tolling of the limitations period. First, he argues that his transfer to an Indiana jail during the pendency of a state criminal prosecution impeded his ability to file a timely petition. He states that in August 2021, he was transferred to a St. Joseph County, Indiana jail, where he remained until January 12, 2022. (ECF No. 3, Page 173.) Petitioner claims that, while incarcerated in Indiana, jail officials refused to mail his completed petition for a writ of habeas corpus because they did not mail legal correspondence outside the county. (*Id.*) Although Petitioner was transferred back to a Michigan prison in January 2022, he waited another year before filing the pending habeas corpus petition.

4

Petitioner claims that he diligently pursued his rights upon his return to Michigan but was unable to file a timely petition because he did not have access to a legal writer program and spent an unspecified amount of time in segregation. Neither a prisoner's *pro se* status nor the lack of access to a prison legal writer is an extraordinary circumstance that tolls the limitations period. *See Hill v. Turner*, No. 21-4035, 2022 WL 17411278, at *2 (6th Cir. May 17, 2022) (citing *Taylor v. McKee*, 649 F.3d 446, 452-53 (6th Cir. 2011)). Petitioner also fails to allege sufficient facts to establish that his placement in segregation at various times during his incarceration prevented him from timely filing his habeas petition. He filed multiple *pro se* pleadings in his Indiana state criminal proceeding after he was returned to the custody of the Michigan Department of Corrections in January 2022. His ability to file these pleadings undercuts his argument that he was unable to prepare and file a § 2254 petition. *Mason v. Lindsey*, No. 18-1475, 2018 WL 3587030, at *2 (6th Cir. July 19, 2018) (citing *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851-52 (6th Cir. 2017)). *See also Faught v. Vantell*, No. 3:21-CV-321, 2022 WL 4137825, at *6 (E.D. Tenn. Sept. 12, 2022) (finding that petitioner was not entitled to equitable tolling for lack of access to prison law library where petitioner was able to file "multiple subsidiary motions to the [state court]" during that time).

Petitioner's claim that prison officials improperly confiscated his typewriter also does not justify equitable tolling. A habeas petition may be "printed,

5

typewritten, or legibly handwritten." Rule 2(c), Rules Governing Section § 2254 Cases. So Petitioner's inability to access a typewriter did not prevent him from filing a timely petition.

A credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotation omitted). A viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented [in state court]." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 332).

Petitioner argues that he is actually innocent, but presents no new, reliable evidence to support this claim. He simply rehashes evidence presented at trial and argues that if certain errors had not been made the result of the proceeding would

6

have been different. These conclusory assertions of innocence are insufficient to support an actual innocence claim. *Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, *2 (6th Cir. Nov. 21, 2017). Petitioner's actual innocence claim, supported only by his own claims of innocence, is insufficient to warrant equitable tolling.

In sum, the habeas corpus petition was filed after expiration of the statute of limitations and Petitioner fails to demonstrate entitlement to equitable tolling. Accordingly, the motion to dismiss will be granted.

### III. Certificate of Appealability and *In Forma Pauperis*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing Section 2254 Proceedings. When a petition is denied because it was not timely filed, a COA may be issued if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will deny a certificate of appealability because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of the petition, an appeal could be taken in good faith. Therefore, Petitioner may proceed *in forma pauperis* on appeal.

### IV. Conclusion

For the reasons stated, the Court GRANTS Respondent's motion to dismiss (ECF No. 10).

The Court DENIES Petitioner's motion for equitable tolling (ECF No. 3) and DENIES a certificate of appealability.

The Court GRANTS Petitioner leave to proceed *in forma pauperis* on appeal.

The Court ORDERS the case caption amended to substitute James Corrigan as the respondent.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2023